UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EAGLE LAKE FARMS PARTNERSHIP, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER CROPSCIENCE LP, BAYER CROPSCIENCE INC., et al.<br><br>    Defendants. | Case No. 0:21-cv-00543 (MJD/TNL) |

**BAYER CROPSCIENCE DEFENDANTS'**
**MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

COME NOW Defendants Bayer CropScience Inc. and Bayer CropScience LP (collectively the "Bayer CropScience Defendants"), and for their Motion to Transfer Venue Under 28 U.S.C. § 1404(a), state:

1. The Bayer CropScience Defendants move to transfer the above-captioned case to the United States District Court for the Eastern District of Missouri, Eastern Division ("Eastern District of Missouri"), pursuant to 28 U.S.C. § 1404(a).

2. The Plaintiff's antitrust claims are governed by a Technology/Stewardship Agreement ("TSA") that granted it a limited license to use seed containing patented seed technology of Bayer CropScience LP and/or its affiliates.

3. The TSA requires "all claims and disputes arising out of or connected in any way with this agreement and/or the use of the seed or the Monsanto Technologies" to be brought in the Eastern District of Missouri.

4.      "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62-63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (Kennedy, J., concurring)).

5.      Thus, the United States Supreme Court has held that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 59-60 (finternal quotations omitted).

6.      The forum-selection clause here is entitled to controlling weight, and transfer to the Eastern District of Missouri is proper pursuant to 28 U.S.C. § 1404(a).

7.      None of the Non-Bayer CropScience Defendant oppose transfer, and the interest of judicial efficiency weighs strongly in favor of transferring the case in its entirety.

8.      The Bayer CropScience Defendants incorporate herein by reference their Memorandum in Support of their Motion to Transfer for Improper Venue Pursuant to 28 U.S.C. § 1404(a), filed contemporaneously herewith.

WHEREFORE, for the foregoing reasons, the Bayer CropScience Defendants respectfully request that the Court enter an order transferring the case, in its entirety, to the United States District Court for the Eastern District of Missouri, Eastern Division.

- 3 -

                        Respectfully submitted,

DATED: March 8, 2021          **FABYANSKE, WESTRA, HART & THOMSON, P.A.**

                        By:   /s/ Richard G. Jensen
                                Richard G. Jensen (#18990X)
                                rjensen@fwhtlaw.com
                                333 S. Seventh Street, Suite 2600
                                Minneapolis, MN  55402
                                (612) 359-7600

                                **ATTORNEYS FOR BAYER CROPSCIENCE LP AND BAYER CROPSCIENCE INC.**