# 2011 MONSANTO TECHNOLOGY/STEWARDSHIP AGREEMENT
(Limited Use License)

**Form Number** 110328166

**PLEASE MAIL THE SIGNED 2011 MONSANTO TECHNOLOGY/STEWARDSHIP AGREEMENT TO:** Grower Licensing, Monsanto, 622 Emerson Road, Suite 150, St. Louis, MO 63141

## GROWER INFORMATION (please print)

Please complete this section with your business information. To sign this Monsanto Technology/Stewardship Agreement ("Agreement") you must be the **operator/grower** for all grow plants from Seed (as defined below). You represent that you have full authority to hereby bind to this Agreement yourself, all entities for which you obtain Seed, all and entities having an ownership interest in any entities for which you obtain Seed. Monsanto Company has not barred any of those individuals or entities from obtaining this limited-use license. Must be filled in and must match the signature below. This Agreement is effective when Monsanto issues the Grower a license number from Monsanto's office in Missouri. Monsanto does not authorize seed dealers or seed retailers to license for Monsanto Technologies.

NEW LICENSE ☐    RENEWAL ☒

L 1 0 8 4 4 6

**Grower's Full Legal Name (First/Middle/Last):** Kenny Falwell   ☑ Mr.
**Farm Business Name:** Eagle Lake Farm
**Grower's Mailing Address (no P.O. Boxes):** 2800 Lynn Street
**Farm Physical Address (as listed with the FSA):** Hwy 367 South
**Grower's City:** Newport   **State:** AR   **Zip:** 72112
**Farm City:** Newport   **State:** AR   **Zip:** 72112
**Area Code:** 870   **Home Phone:** 523 9309
**Last Four of Social Security #:** XXX-XX-4395
**Role:** ☒ Owner/Operator
**Area Code:** 870   **Cell Phone:** 217 1248

## SEED SUPPLIER

**Business Name:** Helena Chemical Company   **Area Code:** 870   **Phone:** 217 0240
**City:** Newport   **State:** AR   **Zip:** 72112

**THIS SPACE FOR MONSANTO OFFICE USE ONLY, PLEASE LEAVE THIS SECTION BLANK:**

**Lic. #:** 660647   **Batch #:** 10691 5   **Date:** FEB 2 2 2011

---

This Monsanto Technology/Stewardship Agreement is entered into between you ("Grower") and Monsanto Company ("Monsanto") and consists of the terms on this page and on the reverse side of this page.

This Monsanto Technology/Stewardship Agreement grants Grower a limited license to use Roundup Ready® soybeans, Genuity® Roundup Ready 2 Yield® soybeans, YieldGard® Corn Borer corn, Roundup Ready® Corn 2 corn, YieldGard® Corn Borer with Roundup Ready® Corn 2 corn, YieldGard VT Triple® corn, YieldGard VT Rootworm/RR2® corn, Genuity® VT Triple PRO™ corn, Genuity® SmartStax™ corn, Roundup Ready® cotton, Genuity® Bollgard II® cotton, Bollgard II® with Roundup Ready® cotton, Genuity® Roundup Ready® Flex cotton, Genuity® Bollgard II® with Roundup Ready® Flex cotton, Vistive® low linolenic soybeans, Genuity® Roundup Ready® sugarbeets, Genuity® Roundup Ready® Canola, Genuity® Roundup Ready® alfalfa, Monsanto patented germplasm and Monsanto Plant Variety Protection rights ("Monsanto Technologies"). Seed containing Monsanto Technologies are referred to herein as ("Seed"). This Agreement also contains Grower's stewardship responsibilities and requirements associated with the use of Seed and Monsanto Technologies.

1. **GOVERNING LAW:** This Agreement and the parties' relationship shall be governed by the laws of the State of Missouri and the United States (without regard to the choice of law rules).

2. **BINDING ARBITRATION FOR COTTON-RELATED CLAIMS MADE BY GROWER:** Any claim or action made or asserted by a cotton Grower (or any other person claiming an interest in the Grower's cotton crop) against Monsanto or any seller of Cotton seed containing Monsanto Technology arising out of and/or in connection with this Agreement or the sale or performance of the cotton Seed containing Monsanto Technology other than claims arising under the patent laws of the United States must be resolved by binding arbitration. The parties acknowledge that the transaction involves interstate commerce. The parties agree that arbitration shall be conducted pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq. and administered under the Commercial Dispute Resolution Procedures established by the American Arbitration Association ("AAA"). The term "seller" as used throughout this Agreement refers to all parties involved in the production, development, distribution, and/or sale of the Seed containing Monsanto Technology. In the event that a claim is not amicably resolved within 30 days of Monsanto's receipt of the Grower's notice required pursuant to this Agreement, any party may initiate arbitration. The arbitration shall be heard in the capital city of the state of Grower's residence or in any other place as the parties decide by mutual agreement. When a demand for arbitration is filed by a party, the Grower and Monsanto/sellers shall each immediately pay one half of the AAA filing fee. In addition, Grower and Monsanto/sellers shall each pay one half of AAA's administrative and arbitrator fees as those fees are incurred. The arbitrator(s) shall have the power to apportion the ultimate responsibility for all AAA fees in the final award. The arbitration proceedings and results are to remain confidential and are not to be disclosed without the written agreement of all parties, except to the extent necessary to effectuate the decision or award of the arbitrator(s) or as otherwise required by law.

3. **FORUM SELECTION FOR NON-COTTON-RELATED CLAIMS MADE BY GROWER AND ALL OTHER CLAIMS:** THE PARTIES CONSENT TO THE SOLE AND EXCLUSIVE JURISDICTION AND VENUE OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION, AND THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS, MISSOURI, (ANY LAWSUIT MUST BE FILED IN ST. LOUIS, MO) FOR ALL CLAIMS AND DISPUTES ARISING OUT OF OR CONNECTED IN ANY WAY WITH THIS AGREEMENT AND/OR THE USE OF THE SEED OR THE MONSANTO TECHNOLOGIES, EXCEPT FOR COTTON-RELATED CLAIMS MADE BY GROWER. THE PARTIES WAIVE ANY OBJECTION TO VENUE IN THE EASTERN DIVISION OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, INCLUDING THOSE BASED, IN WHOLE OR IN PART, ON THE DIVISIONAL VENUE LOCAL RULE(S) OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI.

   THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION FOR COTTON RELATED CLAIMS PURSUANT TO THE PROVISIONS OF THE FEDERAL ARBITRATION ACT, 9 U.S.C. §1 ET SEQ., WHICH MAY BE ENFORCED BY THE PARTIES.

4. **GROWER AGREES:**
   - To accept and continue the obligations of this Monsanto Technology/Stewardship Agreement on any new land purchased or leased by Grower that has Seed planted on it by a previous owner or possessor of the land; and to notify in writing purchasers or lessees of land owned by Grower that has Seed planted on it that the Monsanto Technology is subject to this Monsanto Technology/Stewardship Agreement and they must have or obtain their own Monsanto Technology/Stewardship Agreement.
   - To read and follow the applicable sections of the Technology Use Guide ("TUG") and the Insect Resistance Management/Grower Guide ("IRM/Grower Guide") which are incorporated into and are a part of this Agreement, for specific requirements relating to the terms of this Agreement, and to abide by and be bound by the terms of the TUG and the IRM/Grower Guide as they may be amended from time to time.
   - To implement an Insect Resistance Management ("IRM") program as specified in the applicable Genuity® Bollgard II® cotton and YieldGard® corn sections of the most recent IRM/Grower Guide and to cooperate and comply with these IRM programs.
   - To acquire Seed containing these Monsanto Technologies only from a seed company with technology license(s) from Monsanto for the applicable Monsanto Technology(ies) or from a licensed company's dealer authorized to sell such licensed Seed.
   - To acquire Seed from authorized seed companies (or their authorized dealers) with the applicable license(s).
   - To use Seed containing Monsanto Technologies solely for planting a single commercial crop.
   - Not to save or clean any crop produced from Seed for planting, not to supply Seed produced from Seed to anyone for planting, not to plant seed for production other than for Monsanto or a Monsanto licensed seed company under a seed production contract.
   - Not to transfer any Seed containing patented Monsanto Technologies to any other person or entity for planting.
   - To plant and/or clean Seed for Seed production, if and only if, Grower has entered into a valid, written Seed production agreement with a Seed company that is licensed by Monsanto to produce Seed. Grower must either physically deliver to that licensed Seed Company or must sell for non-seed purposes or use for non-seed purposes all of the Seed produced pursuant to a Seed production agreement.
   - Grower may not plant and may not transfer to others for planting any Seed that the Grower has produced containing patented Monsanto Technologies for crop breeding, research, or generation of herbicide registration data. Grower may not conduct research on Grower's crop produced from Seed other than to make agronomic comparisons and conduct yield testing for Grower's own use.
   - To direct crops produced from Seed to appropriate markets as necessary. Any grain or material produced from Seed can only be exported to, or used, processed or sold in countries where all necessary regulatory approvals have been granted. It is a violation of national and international law to move material containing biotech traits across boundaries into nations where import is not permitted.
   - To lawfully plant Genuity® Roundup Ready® alfalfa; and if growing Genuity® Roundup Ready® alfalfa, to direct any product produced from a Genuity® Roundup Ready® alfalfa seed or crop, including hay and hay products, only to those countries where regulatory approvals have been granted, and to grow and manage Genuity® Roundup Ready® alfalfa in accordance with the TUG.
   - To use on Roundup Ready® or Genuity® Roundup Ready® crops only a labeled Roundup® agricultural herbicide or other authorized non-selective herbicide which could not be used in the absence of the Roundup Ready® gene (see TUG for details on authorized non-selective products). Use of any selective herbicide labeled for the same crop without the Roundup Ready® gene is not restricted by this Agreement. MONSANTO DOES NOT MAKE ANY REPRESENTATIONS, WARRANTIES OR RECOMMENDATIONS CONCERNING THE USE OF PRODUCTS MANUFACTURED OR MARKETED BY OTHER COMPANIES WHICH ARE LABELED FOR USE IN ROUNDUP READY® CROP(S). MONSANTO SPECIFICALLY DISCLAIMS ALL RESPONSIBILITY FOR THE USE OF THESE PRODUCTS IN ROUNDUP READY® OR GENUITY® ROUNDUP READY® CROP(S). ALL QUESTIONS AND COMPLAINTS ARISING FROM THE USE OF PRODUCTS MANUFACTURED OR MARKETED BY OTHER COMPANIES SHOULD BE DIRECTED TO THOSE COMPANIES.
   - To pay all applicable fees due to Monsanto that are a part of, associated with or collected with the Seed purchase price or that are invoiced for the seed. If Grower fails to pay Monsanto for cotton related Monsanto Technologies, Grower agrees to pay Monsanto default charges at the rate of 14% per annum (or the maximum allowed by law whichever is less) plus Monsanto's reasonable attorneys' fees, court costs and all other costs of collection.
   - To provide Monsanto copies of any records, receipts, or other documents that could be relevant to Grower's performance of this Agreement, including but not limited to, Summary Acreage History Report, Form 578 (producer print), Farm and Tract Detail Listing and corresponding aerial photographs, Risk Management Agency claim documentation, and dealer/retailer invoices for seed and chemical transactions. Such records shall be produced following Monsanto's actual (or attempted) oral communication with Grower and not later than seven (7) days after the date of a written request from Monsanto.
   - To identify and allow Monsanto and its representatives access to land farmed by or at the direction of Grower (including refuge areas) and bins, wagons, or seed storage containers used or under the control or direction of Grower, for purposes of examining and taking samples of crops, crop residue or seeds located therein. Such inspection, examination or sampling shall be available to Monsanto and its representatives only after Monsanto's actual (or attempted) oral communication with Grower and after at least seven (7) days prior written request by Monsanto to Grower.

*[The Agreement continues on the reverse side of this page.]*

**GROWER SIGNATURE AND DATE REQUIRED** ▶   Kenny Falwell   **Date:** 02-17-11

Distribution: White to Monsanto, Yellow to Dealer, Pink to Grower